UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

EDDIE WRIGHT,

Defendant.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 1 6 2012   ★

LONG ISLAND OFFICE

**OPINION & ORDER**
04-cr-0949 (SJF)

FEUERSTEIN, J.

On December 27, 2007, a judgment of conviction was entered against defendant Eddie Wright ("defendant") upon: (1) his plea of guilty to one (1) count of conspiracy to possess with intent to distribute at least fifty (50) grams of cocaine base and at least five (5) kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 ("Count One" of the superceding indictment), one (1) count of possession with intent to distribute cocaine and at least fifty (50) grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count Two" of the superceding indictment), one (1) count of possession with intent to distribute at least fifty (50) grams of cocaine base and at least five hundred (500) grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count Three" of the superceding indictment), one (1) count of possession of firearms in furtherance of a drug offense in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B) ("Count Four" of the superceding indictment), one (1) count of possession of firearms with obliterated serial numbers in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) ("Count Five" of the superceding indictment) and one (1) count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Six" of the superceding indictment); and (2) imposition of sentence, *inter alia*, (a) to concurrent determinate terms of imprisonment of four

hundred eighty (480) months on Counts One, Two and Three of the superceding indictment, sixty (60) months on Count Five of the superceding indictment and one hundred twenty (120) months on Count Six of the superceding indictment and (b) to a determinate term of imprisonment of sixty (60) months on Count Four of the superceding indictment, to run consecutively to the sentences imposed on all other counts of the superceding indictment. By order entered April 20, 2011, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction. Petitioner's judgment of conviction became final on July 19, 2011, when his time expired to file a petition for certiorari to the United States Supreme Court. See Clay v. United States, 537 U.S. 522, 525 (2003); 28 U.S.C. § 2101(c); S. Ct. R. 13(1).

On July 6, 2012, counsel retained by defendant ("habeas counsel") to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 motion") moved for leave to file the Section 2255 motion under seal. For the reasons set forth below, the motion is denied.

I.  Discussion

An application to seal proceedings "is a request for extraordinary relief," Doe v. Greiner, 662 F. Supp. 2d 355, 359-60 (S.D.N.Y. 2009); see also United States v. Key, No. 98-CR-446, 2010 WL 3724358, at * 2 (E.D.N.Y. Sept. 15, 2010)(holding that "it is a rare and exceptional case where [the right of public access] does not apply"), because "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "In addition to the common law right of access, * * * the public and the press have a 'qualified First Amendment right * * * to access

certain judicial documents.'" Lugosch, 435 F.3d at 120 (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004)); see also Key, 2010 WL 3724358, at * 2 ("The Second Circuit has made clear that in criminal cases, the press and the public have a qualified First Amendment (and common law) right of access to plea agreements, as well as plea and sentencing proceedings. * * * [T]his right of access even extends to plea agreements and related documents disclosing defendants' cooperation * * *."); United States v. Zazi, Nos. 09-CR-663, 10-CR-0019, 2010 WL 2710605, at * 2 (E.D.N.Y. June 30, 2010) ("The press and the public have a First Amendment 'right of access to plea hearings and to plea agreements.'" (quoting United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988)).

The right of access "is presumptive and not absolute." Key, 2010 WL 3724358, at * 2. "Under the common law, judicial documents enjoy a presumption of access which can be rebutted by countervailing factors that outweigh public interests." United States v. Strevall, No. 05-CR-477, 2009 WL 577910, at * 4 (N.D.N.Y. Mar. 4, 2009). "Once the court has determined that the documents are judicial documents * * * [to which] a common law presumption of access attaches, it must determine the weight of that presumption." Lugosch, 435 F.3d at 119. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quoting United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1049 (2d Cir. 1995)) (alteration in original). "Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it * * * [s]uch * * * [as] the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Lugosch, 435 F.3 at 120 (quotations and citations

3

omitted).

With respect to the qualified First Amendment right of access, "denial of access is permissible if dictated by a process that balances compelling government interests against the First Amendment right, as long as denial of access is narrowly tailored to serve those interests." Strevall, 2009 WL 577910, at * 4. "Documents may be sealed if specific, on the record findings are made demonstrating that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (quotations and citation omitted); see also United States v. Aref, 533 F.3d 72, 82 (2d Cir. 2008). Moreover, "[t]he power to seal criminal records 'is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons.'" Key, 2010 WL 3724358, at * 2 (quoting United States v. Cojab, 996 F.2d 1404, 1405 (2d Cir. 1993)). "The party moving to seal documents bears the burden of demonstrating that sealing is warranted," Key, 2010 WL 3724358, at * 2; see also Zazi, 2010 WL 2710605, at * 2, by demonstrating "persuasive evidence of serious risk' to a compelling interest." Zazi, 2010 WL 2710605, at * 4 (quoting Ayala v. Speckard, 131 F.3d 62, 70 (2d Cir. 1997)). Accordingly, "regardless of whether competing interests are categorized as common law countervailing factors or First Amendment higher values, [the party seeking a sealing order] must demonstrate that those interests outweigh public disclosure." Strevall, 2009 WL 577910, at * 4.

Since a Section 2255 motion is clearly "relevant to the performance of the judicial function and [is] useful in the judicial process," United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995), it is a judicial document to which the common law presumption of access attaches. Defendant has not met his burden of demonstrating that sealing the 2255 motion

4

is warranted in this case. The proposed issue identified by habeas counsel to be asserted in the Section 2255 motion, i.e., the effectiveness of defense counsel's representation during the criminal proceedings in this Court, "raise[s] questions about the quality of justice that [defendant] received during the [criminal] prosecution, and thereby implicate[s] [an] important issue[] of public concern." Doe, 662 F. Supp. 2d at 360-1. "There is a strong interest in airing and resolving th[at] issue[] in public proceedings * * *." Id. at 361. Defendant has not persuasively demonstrated a serious risk to any compelling interest sufficient to override such an important issue of public concern and to justify sealing, e.g. that his safety or the safety of his family would be jeopardized or an ongoing criminal investigation would be prejudiced were other inmates to learn that he had ever contemplated cooperating with the government. See, e.g. Strevall. 2009 WL 577910, at * 4 ("[S]ome * * * interests are routinely accepted as higher values and countervailing factors, including: the protection of law enforcement techniques and procedures; the protection of the confidentiality of sources; the safety of witnesses and police officers; the privacy and reputation interests of those involved in an investigation, including victims, witnesses and potential targets; [and] the protection of ongoing investigations * * *[,] grand jury secrecy[,] and * * * national security.") Defendant does not assert that he ever actually cooperated with the government and, in fact, habeas counsel indicates that defendant actually "reject[ed] an offer to cooperate with the government." See, e.g. United States v. Almanzar, Nos. 90 Cr. 302, 95 Civ. 3234, 1996 WL 46897, at * 2 (S.D.N.Y. Feb. 6, 1996) (unsealing the minutes of the defendant's plea proceedings since although the defendant was supposed to cooperate, he did not do so and, thus, "there [was] no reason for the minutes to remain sealed.") Rather, habeas counsel speculates that defendant's life "*could be* in danger"

5

(emphasis added) if other inmates were to learn that he had ever even contemplated cooperating with the government. Such an unsupported and speculative assertion is insufficient to establish that "there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party, which [sealing] would prevent," Zazi, 2010 WL 2710605, at * 3 (quoting United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); see also Key, 2010 WL 3724358, at * 2, or that sealing "is essential to preserve a higher value," Key, 2010 WL 3724358, at *3. Accordingly, defendant's motion to seal any Section 2255 motion is denied.

II. Conclusion

Defendant's motion to seal any Section 2255 motion challenging his judgment of conviction upon the grounds of ineffective assistance of counsel is denied. Since petitioner did not make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**SO ORDERED.**  s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 16, 2012
Central Islip, New York