FILED
CLERK
12/1/2015 4:32 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDDIE WRIGHT,

          Petitioner,

  -against-

UNITED STATES,

          Defendant.
----------------------------------------------------------X
FEUERSTEIN, J.

**MEMORANDUM AND ORDER**
04-CR-949 (SJF)

      In 2007, petitioner Eddie Wright ("petitioner" or "Wright") pleaded guilty to various narcotics and firearms offenses, for which he was sentenced to a term of imprisonment. Wright, through counsel, has filed a petition under 28 U.S.C. § 2255 seeking a writ of habeas corpus based on ineffective assistance of counsel. [Docket No. 112]. On September 3, 2015 he moved for an evidentiary hearing on the issues raised in his 28 U.S.C. § 2255 petition. [Docket No. 121]. For the reasons that follow, the motion is DENIED and the petition is dismissed.

                I.      BACKGROUND

      On October 27, 2004, petitioner was indicted on three (3) counts of narcotics-related offenses: (1) conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846 (Count One); and (2) distribution and possession with intent to distribute, 21 U.S.C. §§ 841(a) (1) and (b)(1)(A)(iii) (Counts Two and Three). Petitioner retained attorney John LoTurco (LoTurco), and during his second or third meeting with him, revealed his connection to burglaries committed by former Suffolk County police officer Raymond Montefusco (Montefusco), who had also allegedly retained LoTurco to represent him on those

burglary charges. February 24, 2013 Eddie Wright Affidavit (Pet. Aff.) 1, ¶ 2.[1][2] LoTurco withdrew his representation of Montefusco, and told petitioner that he would refer Montefusco to another attorney, Paul Gianelli. Pet. Aff. 1, ¶ 2.

Petitioner alleges that on June 2, 2005, he and LoTurco met with Assistant United States Attorney (AUSA) Wayne Baker, an intern from the United States Attorney's Office, Bureau of Alcohol, Tobacco, and Firearms (ATF) agent John McKenna, and Suffolk County Police Department Detective Scott Keith, who inquired whether Paul Gianelli had passed petitioner information regarding certain murdered cooperating witnesses, particularly Peter Ghattas. Habeas Corpus Petition Addendum (Pet. Add.) 1; Pet. Aff. 2–3. In addition, he was asked about his cooperation against Montefusco, and information on whether Montefusco was connected to the Colombo crime family. Pet. Aff. 3. AUSA Bonnie Klapper, the AUSA in charge of his prosecution, told LoTurco that, in exchange for petitioner's cooperation and guilty plea, the Department of Justice would recommend an eighteen (18)-year sentence, and place him and his family in the witness protection program. Pet. Add. 2. LoTurco rejected that offer without consulting petitioner. Pet. Add. 2; Pet. Aff. 3.

On November 23, 2005, the government filed a superseding indictment, and on December 3, 2007, petitioner pleaded guilty and was convicted of six (6) counts: (1) conspiracy to possess with intent to distribute at least fifty (50) grams of cocaine base and at least five (5) kilograms of cocaine, 21 U.S.C. §§ 841(a) (1) and (b)(1)(A) and 846 ("Count One" of the superseding indictment); (2) possession with intent to distribute cocaine of at least fifty (50)

---

[1] Also spelled "Lo Turco."

[2] *People v. Montefusco*, 44 A.D.3d 879, 879, 843 N.Y.S.2d 671, 672 (2007).

grams of cocaine base, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count Two" of the superseding indictment); (3) possession with intent to distribute at least fifty (50) grams of cocaine base and at least five hundred (500) grams of cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count Three" of the superseding indictment); (4) possession of firearms in furtherance of a drug offense, 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B) ("Count Four" of the superseding indictment); (5) possession of firearms with obliterated serial numbers, 18 U.S.C. §§ 922(k) and 924(a)(1)(B) ("Count Five" of the superseding indictment); and (6) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Six" of the superseding indictment). [Docket No. 84]; *United States v. Wright*, No. 04-CR-0949 SJF, 2012 WL 2930181, at *1 (E.D.N.Y. July 16, 2012). Petitioner was sentenced to an aggregate term of imprisonment of five hundred and forty (540) months, followed by a ten (10)-year period of supervised release. [Docket No. 84].

Petitioner appealed both his conviction and sentence, arguing, *inter alia*, that his absence from part of a *Curcio* hearing violated his due process rights. *United States v. Wright*, 420 F. App'x 70, 71 (2d Cir. 2011). The Second Circuit held that he had waived his due process challenge by failing to timely object, and that petitioner's guilty plea eliminated any conflict-of-interest arising out of LoTurco's joint representation of petitioner and cooperating witness Lenny Matias. *Id.* On April 20, 2011, the Second Circuit affirmed his conviction, which became final July 19, 2011, *id.* at 74; and he filed this petition on July 18, 2012. [Docket No. 112].

Petitioner submits an unsigned statement which states that: (1) Suffolk County detective Scott Keith (Keith) was a member of a federal task force investigating petitioner's organization, along with ATF agent John McKenna, and AUSA Klapper; (2) the task force had sought

3

evidence regarding the murders of cooperating witnesses Tony Horn and David Howell by Robert Spatafora, and whether attorney Paul Gianelli was passing information regarding these cooperating witnesses to petitioner; (3) LoTurco "was involved in Montefusco's defense" during the latter's prosecution for burglaries perpetrated by petitioner's organization; and (4) government attorneys met with petitioner and LoTurco. Scott Keith Statement (Keith Stmt.) 1–2.[3] According to Joseph P. Dwyer, a private investigator who interviewed Suffolk County detective Scott Keith on November 16, 2012, Det. Scott Keith refused to sign the above statement prepared by petitioner's counsel. February 24, 2012 Affidavit of Joseph P. Dwyer (Dwyer Aff.) 1–2.

## II. DISCUSSION

Petitioner argues that he was "was denied his Sixth Amendment right to the effective assistance of counsel when his attorney unilaterally rejected a cooperation plea agreement offered by the government, while laboring under a conflict of interest," specifically attorney LoTurco's simultaneous representation of petitioner and Montefusco. Pet. Add. 1, [Docket No. 112]. He urges the court to hold an evidentiary hearing on this issue. [Docket No. 121].

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 permits a prisoner convicted in federal court to attack the constitutionality or legality of his or her conviction or sentence. 28 U.S.C. § 2255(a). Due to "'society's strong interest in the finality of criminal convictions,'" a petitioner must meet a high threshold before a court will vacate a conviction or sentence on

---

[3] Spatafora is an associate of the Colombo and Lucchese crime families, and owned the automotive repair shop at which cooperating witness Peter Ghattas was murdered. *See generally United States v. Spatafora*, No. 10-CR-474, 2011 WL 2433730, at *2 (E.D.N.Y. June 14, 2011).

collateral review. *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (quoting *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir.1995) *abrogated on other grounds by Mickens v. Taylor*, 535 U.S. 162 (2002)).

Section 2255(b) requires a district court to "grant a prompt hearing" on a habeas corpus petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting 28 U.S.C. § 2255(b)). To establish entitlement to a hearing, petitioner must adduce sufficient facts to render his claims "plausible," but need not establish "that he will necessarily succeed on the claim." *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000) (citing *United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir. 1993)) (citations and internal quotations omitted). The district court's analysis parallels its summary judgment analysis; the court reviews the record to determine the existence of a material factual dispute, and need not consider bald allegations that lack an evidentiary basis. *Puglisi*, 586 F.3d at 213. However, unlike a motion for summary judgment, "a district court need not assume the credibility of factual assertions, as it would in civil cases . . . ." *Id.* at 214. Moreover, "when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." *Id.*

B. Ineffective Assistance of Counsel.

A petitioner asserting ineffective assistance of counsel must demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient representation prejudiced petitioner's defense, meaning that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 669, 687–96 (1984).

A court view's trial counsel's performance deferentially, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner must show that trial counsel's deficient performance caused a breakdown of the adversarial process that it "undermine[s] confidence" that the trial "produced a just result." *Id.* at 686, 694. Petitioner has a heavy burden of proving both prongs. *Byrd v. Evans*, 420 F. App'x 28, 30 (2d Cir. 2011) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)); *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001)). A federal court performs a "doubly deferential judicial review" of a state court's determination that trial counsel was effective. *Knowles v. Mirzayance*, 556 U.S. 111, 112, 129 S. Ct. 1411, 1413 (2009).

The Sixth Amendment's guarantee of effective assistance of counsel also guarantees a criminal defendant "conflict free" representation. *Woods v. Georgia*, 450 U.S. 261, 271 (1981). The Second Circuit "has delineated three levels of conflicts of interest in evaluating this type of Sixth Amendment claim: (1) a *per se* conflict requiring automatic reversal without a showing of prejudice; (2) an actual conflict of interest that carries a presumption of prejudice; and (3) a potential conflict of interest that requires a finding of both deficient performance by counsel and prejudice, under the standard established in *Strickland v. Washington*[.]" *United States v. John Doe No. 1*, 272 F.3d 116, 125 (2d Cir. 2001). A *per se* violation requiring automatic reversal occurs only when trial counsel is either not authorized to practice law, or is implicated in the crime for which the petitioner stood trial. *Id.* (citations omitted).

A petitioner is entitled to a presumption of prejudice when trial conflict has: "(1) an actual conflict of interest" that (2) adversely affected his lawyer's performance." *United States v. Moree*, 220 F.3d 65, 69 (2d Cir. 2000) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)) (internal quotations omitted). "An actual conflict of interest arises during representation when 'the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *Id.* (quoting *Cuyler*, 446 U.S. 335, 356 n.3 (Marshall, J., dissenting)) (internal quotations omitted). "An actual conflict of interest does not present grounds for a new trial if it does not rise to more than 'a mere theoretical division of loyalties.'" *United States v. Feyrer*, 333 F.3d 110, 116 (2d Cir. 2003) (quoting *Mickens v. Taylor*, 535 U.S. 162, 171, 122 S. Ct. 1237 (2002)). The petitioner must show "an actual lapse in representation" caused by the conflict, as evidenced by the existence of a "plausible alternative defense strategy." *Winkler v. Keane*, 7 F.3d 304, 309 (2d Cir. 1993).

Petitioner has not made a plausible showing of an actual conflict-of-interest here. While a lawyer owes a continuing duty of confidentiality and loyalty to a former client, *United States v. Pizzonia*, 415 F. Supp. 2d 168, 181 (E.D.N.Y. 2006) (citing *United States v. Yannotti*, 358 F. Supp. 2d 289, 295 (S.D.N.Y. 2004)), counsel's representation of two defendants implicated in separate, but related crimes does not automatically give rise to an actual conflict of interest without more. *See United States v. Friedman*, 854 F.2d 535, 574 (2d Cir.1988) (holding that no conflict arose from counsel's simultaneous representation of defendant on racketeering charges and an unindicted co-conspirator in view of latter's "marginal relevance to [the] case, let alone to [defendant's] guilt"); *United States v. Stantini*, 85 F.3d 9, 15–19 (2d Cir. 1996) (holding that habeas petitioner was not denied effective assistance of counsel when his attorney

7

simultaneously represented an unindicted co-conspirator in a related racketeering prosecution in which the same murder was charged as a predicate act). Montefusco's burglaries were state offenses, and there is no credible evidence in the record that links them to the narcotics and firearms offenses for which petitioner was indicted and convicted, and no credible evidence that the federal government investigated Montefusco, or ever intended to. Moreover, petitioner admits that LoTurco withdrew from his representation of Montefusco soon after he began to represent petitioner, rendering any division of LoTurco's loyalties at most theoretical.

Petitioner has also failed to demonstrate prejudice as a result of LoTurco's alleged rejection of a plea offer. The federal constitution guarantees a criminal defendant no right to a plea offer, and no right requiring a court to accept a plea agreement. *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *Santobello v. New York*, 404 U.S. 257, 262 (1971)). A petitioner alleging ineffective assistance of counsel in the context of a plea agreement must show: (1) a reasonable probability that he or she would have accepted the plea offer; (2) a reasonable probability that the prosecution would not have withdrawn the plea offer; and (3) that the sentencing court would have accepted it. *Frye*, 132 S. Ct. at 1410.

Both LoTurco and AUSA Klapper deny any plea offer of eighteen (18) years. Defendant's Brief (Def.'s Br.) 5. Even if another plea offer was made, petitioner points to no objective evidence of its terms, of whether he or the court would have accepted it, or whether the prosecution would not have withdrawn it. *See Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011) ("[I]n order for [a petitioner's] statement to be sufficiently credible to justify a full hearing, it must be accompanied by some 'objective evidence,' . . . that supports an inference

that the petitioner would have accepted the proposed plea offer if properly advised.") (citing *Puglisi*, 586 F.3d at 215–16)). Accordingly, the record conclusively shows that petitioner is not entitled to relief because he has not made a plausible showing that trial counsel rendered ineffective assistance of counsel in rejecting a plea offer.

### III. CONCLUSION

For the foregoing reasons, Wright's petition to vacate his conviction and sentence under 28 U.S.C. § 2255 petition is DENIED. The Court further DENIES Wright's motion for an evidentiary hearing. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to petitioner.

**SO ORDERED**.

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: December 1, 2015
      Central Islip, New York