UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                       -against-

EDDIE WRIGHT,
              Petitioner.
------------------------------------------------------X

04-cr-949 (SJF)(AKT)
**MEMORANDUM & ORDER**
(1) Adopting Report & Recommendation, and (2) Denying § 2255 Petition

FILED
CLERK
12:10 pm, Oct 02, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.    Introduction

Presently before the Court is the July 11, 2020 Report and Recommendation of Magistrate Judge Tomlinson (*see* ECF No. 160; hereafter, the "Report" or "R&R") regarding Petitioner Wright's claim of ineffective assistance of counsel, the sole claim raised in his § 2255 motion to vacate his conviction and sentence (*see* ECF No. 112; hereafter, the "Petition") based upon his March 3, 2006 guilty plea to all six counts of a superseding indictment, which plea was not the result of plea agreement with the United States (hereafter, the "Government"), and this Court's subsequent sentencing of Wright to a term of incarceration of 480 months. (*See* Report at 1.) For the reasons that follow, the Court adopts the Report in its entirety and denies Wright's Petition.

II.    Background

The Court assumes the parties' familiarity with the facts and record of prior proceedings, which will be referenced herein only as necessary to explain the Court's decision in adopting Magistrate Judge Tomlinson's findings and recommendations and denying Wright's Petition. Further, since no objections have been lodges regarding the Magistrate Judge's thorough

recitation of the procedural background relevant to the Petition and finding no error in same, it is adopted in its entirety and incorporated herein.

III. Discussion

    *A. Applicable Standards*

        1. <u>Review of a Report and Recommendation</u>

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        2. <u>Ineffective Assistance of Counsel</u>

"In order to prove ineffective assistance, [a petitioner] must show (1) 'that counsel's representation fell below an objective standard of reasonableness;' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.'" *Pham v. United States,* 317 F.3d 178, 182 (2d Cir. 2003) (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)); *see also Lafler v. Cooper,* 566 U.S. 156, 162 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."); *Missouri v. Frye,* 566 U.S. 134, 148 (2012) ("[W]here a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer," the *Strickland* inquiry "requires looking not at whether the defendant would have proceeded to trial" without the ineffective assistance "but whether he would have accepted the offer to plead pursuant to the terms earlier proposed."); *Hill v. Lockhart,* 474 U.S. 52 (1985) (applying the *Strickland* two-prong test to guilty plea challenges alleging ineffective assistance of counsel). A "reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Strickland,* 466 U.S. at 694.

It is well-settled that the *Strickland* standard is "'highly demanding' and 'rigorous,'" *Bennett v. United States,* 663 F.3d 71, 85 (2d Cir. 2011) (internal citations omitted), and affording "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Further, because a petitioner must satisfy both prongs of the *Stickland* test, it is not necessary that a court analyze those prongs in any particular order, *see Bennett*, 663 F.3d at 85*; Centeno v. Miller*, No. 03-cv-3861, at *3 (S.D.N.Y. Mar. 30, 2009)(citing *Strickland*, 466 U.S. at 697), or that, where one of the prongs is not satisfied, the court must analyze the other prong. *See Bennett,* 663 F.3d at 85; *Edmonson v. Artus,* No. 04 Civ. 5477, 2006 WL 3486769, at *13 (E.D.N.Y. Nov. 30, 2006) ("A court need not decide both prongs of the *Strickland* test for ineffective assistance of counsel if a party has made an insufficient showing on one.").

3

B. *The Instant Case*

1. The Evidentiary Hearing

The sole basis Wright raises in his Petition for habeas relief is that he "was denied his Sixth Amendment right to the effective assistance of counsel when his attorney unilaterally rejected a cooperation plea agreement offered by the government, while laboring under a conflict of interest." (Petition at 14 (Ground One).) Wright's counsel was John LoTurco ("LoTurco"). (*See id.*) He sought an evidentiary hearing to substantiate his claim of ineffective assistance of counsel (*see* ECF No. 121). Although initially denied (*see* ECF No. 122), upon reconsideration the Court granted Wright's request. (*See* ECF Nos. 125, 133 (Referral Order).)

This Court has already ruled that LoTurco had no conflict of interest. (*See* Case Docket, Apr. 5, 2016 Minute Entry (ECF No. 129); *see also* May 25, 2016 Electronic Order (maintaining ruling upon reconsideration).) Thus, the referral to the Magistrate Judge of the evidentiary hearing (hereafter, the "Evidentiary Hearing") "was directed to conducting a hearing focused on the issue of whether an offer of cooperation was presented to [LoTurco] by the Government but was never presented to the Petitioner." (Report at 7; *see also* ECF No. 133.) Upon consultation with this Court, Magistrate Judge Tomlinson expanded the scope of the Evidentiary Hearing to "allow some limited evidence on" the "conflict of interest" issue, but that any such evidence was to "be limited . . . to the extent it relates directly to the offer of cooperation issue." (Report at 7 (quoting Evidentiary Hr'g Tr. (ECF No. 154) (hereafter, "Tr.").) Having defined the parameters of the Evidentiary Hearing, Magistrate Judge Tomlinson heard the testimony of Wright and LoTurco, which consisted of direct and cross-examination of each witness. (*See* Tr., *in toto*.)

4

2. The Magistrate Judge's Report & Recommendation

In her Report, Magistrate Judge Tomlinson thoroughly summarized Wright's and LoTurco's testimony (*see* Report at 7-20 (re: Wright), 21-30 (re: LoTurco)) and articulated the reasons for her credibility findings. She made two ultimate findings: (1) as to Wright's ineffective assistance argument, *i.e.*, that LoTurco unilaterally rejected a cooperation plea agreement offered by the Government, Wright "failed to meet his burden to introduce evidence sufficient to show that an actual plea offer was ever extended by the Government to [him] and, consequently, there was no 'offer' to be conveyed to Wright by attorney John LoTurco" (*id.* at 40; *see also id.* at 48); and (2) as to the "conflict of interest" issue and contrary to Wright's contention that this Court "considered the matter without the benefit of additional evidence presented at the [E]videntiary [H]earing," because "no new real 'evidence' was actually presented," "there is no factual basis for re-examining whether there was ineffective assistance of counsel in these circumstances." (*Id.* at 48.) Magistrate Judge Tomlinson recommended that her findings be adopted by this Court in determining Wright's Petition. (*See id.*)

3. Consideration of Petitioner's Objections

Petition raises five objections to the Report, none of which are availing.

(*a.*) *Objection One*

Wright objects to Magistrate Judge Tomlinson's conclusion that Wright "failed to meet his burden to introduce evidence sufficient to show than an actual plea offer was ever extended by the Government . . . and, consequently, there was no 'offer' to be conveyed to Wright by . . . LoTurco." (Objection at 2 (quoting R&R at 40).) Conceding "there is no evidence that the [G]overnment ever presented [him] or [LoTurco] with a *formal written plea or cooperation offer*" (*id.* (emphasis added); *see also* Objection Reply (ECF No. 165) at 2 ("The defendant's

5

objections do not claim that the government made a formal written plea offer.")), Wright argues that the evidence shows the Government's "willing[ness] to recommend an 18-year sentence to this Court" if he agreed "to plead guilty, cooperate and provide substantial assistance." (*Id.* (citing Tr. 25, 57-59, 64 (Wright testimony); 90-92 (LoTurco testimony)).) In other words, according to Wright, "the [G]overnment *offered to enter into a plea agreement* that required [him] to plead guilty and to cooperate." (*Id.*) This objection is without merit.

First, the evidence is clear that Wright had "no interest in cooperating at all until the Superseding Indictment and Prior Felony Information were filed on the eve of trial." (Report at 38-39; *see also* Tr. 66-71.) Second, Wright's objection is akin to arguing that there was an "agreement to agree," which is insignificant since such an agreement is not enforceable. *See generally Adjustrite Systems, Inc. v. GAB Business Services, Inc.*, 145 F.3d 543, 548 (2d Cir. 1998) ("Ordinarily, where the parties contemplate further negotiations and the execution of a formal instrument, a preliminary agreement does not create a binding contract."); *cf.*, *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) ("We construe plea agreements 'according to contract law principles,' but 'because plea agreements are unique contracts, we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards.'" (internal citations omitted)). Rather, as the Government contends, "[w]hile Wright repeatedly characterized the[] discussions as a 'deal,' his assumptions do not convert plea discussions into a plea offer . . . ." (Objection Response (ECF No. 164) at 3.) Third, the Magistrate Judge's conclusion was based upon her assessment of Wright's and LoTurco's testimony, with Magistrate Judge Tomlinson finding LoTurco's to be more credible:

> Wright's attempt to shift 100% of the responsibility to LoTurco's shoulders for the decision to reject the alleged 18-year offer and witness protection is unavailing. On cross-examination, Wright admitted that he made a judgment of his own to reject that

6

> alleged offer. Tr. 61-62. Likewise, Wright admitted that he did not get any plea offer the day he met with AUSA Baker at the courthouse. Baker talked about the witness protection program, cooperation, mandatory minimums, etc., but Wright admitted that he did not receive any type of plea offer that day, nor was he handed any type of cooperation agreement. Tr. 55. Wright confirmed that he did not walk away from that meeting believing that he had been promised anything. *Id.*
>
> LoTurco was firm in his testimony that there was no plea offer, noting that AUSA Klapper wanted Wright to cooperate and Wright did not want to cooperate. Tr. 89-90. LoTurco went on to state "[s]o there was no specific plea ever offered other than plead to the indictment and who knows what you're going to get." *Id.* There was never any willingness or desire by Wright to cooperate at any time up until the death penalty issue arose. Tr. 92-93. LoTurco stated unequivocally that AUSA Klapper never gave him a specific offer that he rejected without consulting with his client, Eddie Wright. *Id.* According to LoTurco, there was "no specific plea ever offered other than plead to the indictment and who knows what you're going to get." Tr. 89. *The Court credits this testimony*.

(Report at 36-37 (emphasis added.)) Upon *de novo* review of the record, there is no clear error in Magistrate Judge Tomlinson's assessment of the testamentary evidence. *See generally Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 547 (1985)("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (further citations omitted)); *United States v. Lawson*, 961 F.Supp.2d 496, 501 (W.D.N.Y. 2013) ("[A] district court will ordinary accept the credibility findings of a magistrate judge made following an evidentiary hearing."). Thus, there is no basis to reject her conclusions and recommendations based upon those findings. Finally, while "as a general rule, defense counsel has the duty to communicate *formal offers* from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," *Missouri*, 566 U.S. at 145 (emphasis added), a petitioner "cannot claim ineffective assistance of counsel based on the failure to convey to him a plea offer that did not exist." *Martinez v. United States*, No. 16-cv-6135, 2017 WL 1449736, at

\*2 (S.D.N.Y. Apr. 21, 2017) (citing *Diallo v. United States*, 2014 WL 4460364, at \*4 (S.D.N.Y. Sept. 10, 2014); *Ortega v. United States*, No. 09-cv-608, 2012 WL 2478277 (S.D.N.Y. June 27, 2012)). The record evidence shows that the plea agreement discussions in this case did not morph into an actual or formal plea offer, thereby making it "impossible for LoTurco to have failed to advise Wright about a non-existent offer." (Objection Response at 3.) Hence, Wright's first objection is overruled.

(*b.*) *Objection Two*

Wright's second objection is to "the Magistrate Judge's finding that . . . Wright's involvement in the[] murders [of several cooperating witnesses] undermines his claim that he initially refused to cooperate out of fear for his and his family's safety." (Objection at 3.) This objection is of no merit. Read in context, it is apparent that the Magistrate Judge's discussion about Wright's fears for his own safety was one consideration leading to her finding that the Government did not make a formal plea offer to Wright. (*Cf.*, Report at 35-36 (cited in Objection at 3), *with* Report at 34-37 (discussing Wrights consistence reluctance to accept any plea offer that involved his cooperation; highlighting Wright's testimony that he did not want to cooperate because of fears for his own safety; stating "Whatever Wright's motivation was for not cooperating, however, does not alter the fact that Wright made the choice not to cooperate.").) In any event, this finding was based upon the Magistrate Judge credibility determination of Wright's testimony. Wright "does not dispute" (Objection Reply at 3) that "a district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the Judge." (*Id.* (quoting *Carrion v. Smith,* 549 F.3d 583, 588 (2d Cir. 2008); further citations omitted).) However, he generally argues that his is not the normal case, warranting the rejection of this finding. (*Id.* ("For the reasons discussed

8

in the defendant's objections, this is such a case.").) The Court disagrees; Wright has failed to show, and this Court does not find, Wright's case to be so extraordinary that it warrants rejecting the Magistrate Judge's ultimate finding that "there is insufficient evidence of any offer of cooperation or plea offer from the Government made to [LoTurco] which was never presented to [Wright] by [LoTurco]" (Report at 48), which rests, in part, on this particular credibility determination.  Accordingly, Petitioner's second objection is overruled.

### (*c.*).  *Objection Three*

Wrights third objection is directed to the Magistrate Judge crediting LoTurco's testimony in finding that there was no formal plea offer.  (Objection at 4 ("object[ing] to this finding) (quoting Tr. 92; citing Tr. 93).)  He argues the "Court should not credit . . . LoTurco's testimony because he has previously been untruthful to the Court," comparing LoTurco's January 13, 2006 representation to this "Court that he had not spoken with [Attorney] Gianelli about . . . Wright's case," with his testimony at the Evidentiary Hearing.  (*Id.* at 5; *see also id.* at 6-7 ("On January 13, *2006*, . . . LoTurco represented to this Court that he was not, *up until that time*, communicating with [Attorney] Gianelli concerning . . . Wright's case.  This is contrary to his sworn testimony at the [Evidentiary H]earing." (emphasis in original)).)  Therefore, Petitioner contends that "LoTurco's testimony concerning . . . Wright's interest in cooperating should not be credited by this Court."  (Objection at 7.)

The Government counters that "Wright twists LoTurco['s] statements and makes conclusory assertions about LoTurco's truthfulness to advance his narrative, but, ultimately, his accusations are unsupported by facts."  (Objection Response at 4.)  It asserts that it was Attorney Gianelli who stated "he never talked to LoTurco about Wright after LoTurco assumed representation of Wright" (*id.* at 5), presumably at the January 31, 2006 evidentiary hearing.

9

(*See* ECF No. 53 (Minute Entry of evidentiary hearing (indicating Attorney Gianelli sworn as a witness and testimony taken)).)

> The fact that LoTurco said he spoke to Gianelli after assuming representation of Wright is not inconsistent with LoTurco's prior statements, it's only arguable inconsistent with Gianelli's prior statements. In any event MJ Tomlinson had the opportunity to assess LoTurco's credibility on this point, and others, and found LoTurco credible[. T]hus, the Court should adopt MJ Tomlinson's finding that Wright only became interested in cooperation on the eve of trial as LoTurco testified.

(*Id.* at 5.) The Government further highlights that "Wright acknowledged that he had no interest in cooperating at all until the Superseding Indictment and Prior Felony Information were filed on the eve of trial." (*Id.* (citing R&R at 38-39).)

A *de novo* review of the record uncovers no inconsistency in LoTurco's January 31, 2006 representation to this Court that Gianelli has no relationship with the case and his subsequent testimony about his keeping Gianelli generally apprised of Wright's case. (*See* Tr. 120:14-20 ("I would tell Paul [Gianelli] that the case was going to trial. And then I told Paul when Eddie took a plea. So I kept him apprised of the status. He didn't have anything to do with the specifics of the case. He never reviewed any paper work or anything like that. But we just had general discussions because, again, Paul felt close to Eddie and vice-versa.").) Moreover, it is a mischaracterization to state "LoTurco testified that he consulted with . . . Gianelli concerning . . . Wright's case" (Objection Reply at 4 (citing Tr. 120-21)) as he testified that while Wright and his wife "would want to know what Paul thought[,] . . . Paul would defer it to me." (Tr. 121:2-4.) In sum, no clear error has been shown in Magistrate Judge Tomlinson crediting LoTurco's testimony over Wright's in making her finding that Wright "failed to meet his burden to introduce evidence sufficient to show that an actual plea offer was ever extended by the Government to Eddie Wright and, consequently, there was no 'offer' to be conveyed to Wright

10

by Attorney John LoTurco." (Report at 40.) *See United States v. Gillaspie*, 264 F. Supp.3d 462, 467-68 (W.D.N.Y. 2017) (ruling, upon reconsideration, that "where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings" (quoting *Lawson*, 961 F.Supp.2d at 499; citing *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised."); *see also United States v. Raddatz,* 447 U.S. 667, 675-76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings))). Therefore, there is no grounds for sustaining Wright's third objection.

(d.) *Objection Four*

Wright's fourth objection is based upon the reasonableness prong of *Strickland*. (*See* Objection at 7-8.) He generally objects "[t]o the extent that the Report . . . concludes that . . . LoTurco's advise did not fall below an objective standard o[f] reasonableness" (*id.* at 8), and specifically objects because the Report "finds that . . . LoTurco did not violate his duty of loyalty and was not laboring under an actual conflict of interest." (*Id.* (citing Report at 42-45 (re: Attorney Gianelli), and at 47-48 (re: Ray Montefusco (hereafter, "Ray")))); *see also id.* at 9 (objecting to the Magistrate Judge's credibility determination that "LoTurco's testimony that he never represented [Ray] before or in 2004 is 'more sensible and credible than that offered by Petitioner Wright'" (citing R&R at 47)).) In that regard, Wright argues that the Magistrate Judge misinterpreted his testimony:

> While Mr. Wright testified that he rejected offers to cooperate, Tr. 61-62, 77-78, he made it clear that his rejection was based on the erroneous advice that he received from his attorney. *Id.* It is clear from Mr. Wright's testimony that had he been properly advised,

11

>and therefore understood that he was facing more than 20 years' imprisonment were he to go to trial, he would have accepted the [G]overnment's offer and cooperated.

(Objection at 8-9.) Wright is incorrect. Review of the Evidentiary Hearing transcript bares out that on "multiple occasions on cross-examination . . . Wright admitted that he himself never wanted to cooperate because of fears for himself and his family – at least up until the time the death penalty became an issue." (Report at 42.) Moreover, there is no basis for finding any error with the Magistrate Judge's credibility determinations is assessing Wright's testimony versus that of LoTurco's as those determinations were based "on the demeanor of Eddie Wright and John LoTur[c]o while testifying, along with the contents of that testimony." (Report at 44.) *See also, e.g.*, *United States v. Messina*, 806 F.3d 55, 64 (2d Cir. 2015)("The law affords a factfinder considerable discretion in resolving evidentiary inconsistencies.")(finding no error in district court's crediting witnesses' testimony, although there were inconsistencies, where court carefully explained its credibility findings). The same holds true for Magistrate Judge Tomlinson's credibility determination regarding LoTurco's testimony regarding Ray. (*See* Report at 45-47.) Finally, on the record presented, Magistrate Judge Tomlinson did not err in concluding that there was no new evidence supporting a finding that LoTurco labored under an actual conflict of interest, and Wright has failed to point to any. Thus, Objection Four is overruled.

(*e.*) *Objection Five*

Wright's final objection is to the Magistrate Judge's conclusion that Wright "failed to prove he was prejudiced by any deficiencies in [LoTurco]'s representation during plea bargaining 'because he has not established what sentence he would have received pursuant to such a plea agreement, with or without a cooperation component.'" (Objection at 10 (quoting R&R at 39).) He contends that he does not have to "prove what sentence he would have

12

received but for his attorney's deficient representation, only that there is a 'reasonable probability' that that sentence would have been lower than the one previously imposed by the Court." (*Id.* (citing *Strickland* for criteria to prove prejudice).) Wright asserts that if he had "received competent advice from [LoTurco], he would have pled guilty to an indictment that did not include a § 924(c) count that required a five-year *consecutive* sentence" resulting in a sentence that would be five years shorter than the one he is currently serving. (*Id.* at 10-11 (emphasis in original).) Petitioner's objection is futile.

While "[a] defendant suffers a Sixth Amendment injury where his attorney fails to convey a plea offer" *Pham,* 317 F.3d at 182, "[b]ecause no deal was ever offered [to Wright], there is no objective evidence to assess the extent of any alleged prejudice towards [him]." *Diallo v. United States*, No. 12-cv-3310, 2014 WL 4460364, at *4 (S.D.N.Y. Sept. 10,2014) (citations omitted); *see also Zandi v. United States*, 460 F. App'x 51, 53 (2d Cir. Feb. 9, 2012) ("In the absence of evidence that the government ever made a plea offer, [petitioner] cannot show that his attorney provided him with objectively unreasonable assistance by failing to make him aware of any such hypothetical offer."); *Martinez*, 2017 WL 1449736, at *2 (finding a defendant "cannot claim ineffective assistance of counsel based on the failure to convey to him a plea offer that did not exist." (citations omitted)); *Ortega*, 2012 WL 2478277, at *12 (explaining that in proceedings where no plea is being offered, "it is not even clear under case law that [trial counsel] had any obligation to inform [the defendant] . . . of the benefits of a 'straight up plea'[1] versus the risks of going to trial"); *cf., Missouri v. Frye*, 566 U.S. at 145 ("[D]efense counsel has the duty to communicate *formal* offers from the prosecution to accept a plea on terms and

---

[1] The *Ortega* Court defined a "straight up plea" as "a plea to the full indictment without a plea agreement." 2012 WL 2478277, at *12.

conditions that may be favorable to the accused." (emphasis added)). Moreover, as the record evidence established, the Government was only interested in discussing a plea agreement that included Wright's cooperation, but Wright had no interest in cooperating at all until the eve of trial. As the Government aptly summarizes, since "there was no 'earlier' plea offer for Wright to have accepted which he otherwise rejected due to LoTurco's advice, . . . Wright failed to meet his burden . . . to demonstrate prejudice from the advice" (Objection Response at 7), thereby rendering his fifth objection unsustainable.

* * *

To the extent not articulated, the Court has considered Wright's remaining arguments in support of his objections to the Report and finds them to be without merit; thus, all his objections are overruled. Having conducted a *de novo* review of the record and finding no errors in the Report, the Report is adopted in its entirely.

   3. <u>Wright's Petition</u>

     (*a.*) *Original Ruling Reinstated*

In adopting Magistrate Judge Tomlinson Report, the Court accepts the Magistrate Judge's recommendation that her findings on the issue of ineffective assistance of counsel (hereafter, the "Findings") be adopted in ruling on Wright's § 2255 Petition. (*See* Report at 48.) Accordingly, having: afforded Wright the Evidentiary Hearing he sought (*see, e.g.*, ECF Nos. 125, 133, 142, 154); adopted the Findings after the parties were provided the requisite opportunity to object to them; overruled Wright's objections to the Findings; and, previously determined that LoTurco was not operating under a conflict of interest in his representation of Wright (*see* ECF Nos. 129, 130), in conjunction with the Magistrate Judge's finding that "no new factual basis was established . . . to warrant re-examining whether there was ineffective assistance of counsel in

these circumstances" (Report at 48; *see also id.* at 6-7, 33, 40), for substantially the same reasons articulated in its original ruling denying Wright's Petition (*see* ECF No. 122), which was vacated solely to provide Wright with the Evidentiary Hearing (*see* ECF No. 125), this Court again denies said Petition adopting its reasoning articulated in its original, December 1, 2015 ruling (*see* ECF No. 122) as supplemented by the reasonings articulated herein for overruling Wright's objections to Magistrate Judge Tomlinson's Report.

(*b.*) *Certificate of Appealability*

The Court declines to issue a certificate of appealability. Because Wright has not made a substantial showing of a denial of a federal right, appellate review is not warranted. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

A. Magistrate Judge Tomlinson's Report (ECF No. 160) is ADOPTED in its entirety;
B. Wright's Petition (ECF No. 112) is DENIED; and
C. The Clerk of Court is to close corresponding Case No. 16-cv-943.

SO ORDERED this 2nd day of October 2020 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge